UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BEST PHONE CARDS, CORP., | |
| Plaintiff, | Civil Action No. 13-3598 (SDW)(MCA) |
| v. | **OPINION** |
| NOBELTEL, LLC AND NOBEL, INC., | November 4, 2013 |
| Defendants. | |

**WIGENTON**, District Judge.

Before the Court is NobelTel, LLC ("NobelTel") and Nobel, Inc. ("Nobel") (collectively "Defendants") Motion to Dismiss New Jersey Best Phone Cards, Corp.'s ("NJ Best" or "Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss.

**FACTUAL HISTORY**

NJ Best is a company which purchases and resells international telephone calling calls. (Compl. ¶ 8). Nobel and NobelTel supply and distribute international calling calls, PIN numbers, and telecommunication services.[2] (Id. ¶ 9.) NobelCom, LLC ("NobelCom") issues calling cards and is not a party to this case. (Id. ¶ 14.) In December 2009, NJ Best and

---
[1] Defendants fail to identify the rule upon which their Motion to Dismiss is based. However, the substance of the arguments indicates that Defendants are moving based on Fed. R. Civ. P. 12(b)(6).
[2] Plaintiff refers to Nobel and NobelTel collectively as "Nobel" in the Complaint. Because this case involves three "Nobel" entities, this Court will specify the allegations with respect to the particular entities to avoid confusion.

1

NobelCom entered into a Wholesale Distributor Agreement wherein NJ Best became an authorized distributor of prepaid calling cards issued by NobelCom. (Id.) Although the agreement was between NJ Best and NobelCom, Nobel issued credit memos and invoices.[3] (Id. ¶ 17.)

According to NJ Best, "[o]n a regular basis, the number of minutes delivered for use by consumers was significantly less than the amount promised" and end users ran out of minutes prematurely. (Id. ¶¶ 21, 23.) NJ Best alleges that NobelCom, Nobel, and NobelTel purposely changed the rate decks, reduced the number of minutes available to consumers, and delivered inaccurate usage reports. (Id. ¶¶ 24, 28.) NJ Best complained about the problems and alleges that it was threatened with reduced minutes, termination of service, or other problems. (Id. ¶ 29.)

NJ Best further alleges that Nobel and NobelTel representatives made promises during weekly phone calls and occasional meetings that the phone cards would deliver all of the promised minutes. (Id. ¶ 46.) According to NJ Best, these representations were knowingly false. (Id. ¶¶ 47-50.) NJ Best states that it suffered monetary damages and damage to its business. (Id. ¶¶ 30, 56.)

**PROCEDURAL HISTORY**

On August 27, 2012, NobelTel sued NJ Best and others in Superior Court of New Jersey, Passaic County alleging that NJ Best failed to make payments due under the Wholesale Distributor Agreement. (Compl. ¶¶ 18-19.) The parties resolved the action by stipulation which was entered on January 28, 2013. (Pl. Opp. 10.)

---

[3] According to the Complaint, Nobel and NobelTel issued credit memos and invoices; however, Plaintiff's opposition brief specifies that only Nobel issued credit memos and invoices. (Compl. ¶ 17; Pl. Opp. 16.)

On February 27, 2013, NobelCom sued NJ Best in the Superior Court of California, County of San Diego claiming that NJ Best owes NobelCom $1,639,105.24. (Pl. Opp. 1 n.3, 14.)

On April 25, 2013, NJ Best sued Defendants in the instant matter in Superior Court of New Jersey, Passaic County. (Dkt. 1.) On June 10, 2013, the action was removed to this Court. (Id.) Plaintiff alleges the following claims: (1) breach of contract; (2) unjust enrichment; (3) fraud; (4) Deceptive and Unlawful Practices under N.J. Stat. § 56:8-2; and (5) violation of Section 201(b) of the Communications Act of 1934.

**LEGAL STANDARD**

*Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "'requires a 'showing' rather than a blanket assertion of an entitlement to relief'" (quoting Twombly, 550 U.S. at 555 n.3)).

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips, 515 F.3d at 231 (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of

the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "'that the pleader is entitled to relief'" as required by Rule 8(a)(2). Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

According to the Supreme Court in Twombly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (third alteration in original) (internal citations omitted) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). The Third Circuit summarized the Twombly pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234 (alterations in original) (quoting Twombly, 550 U.S. at 556).

In Fowler v. UPMC Shadyside, the Third Circuit directed district courts to conduct a two-part analysis. 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the factual elements from the legal conclusions. Id. The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11 (citing Iqbal, 556 U.S. at 678). Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 566 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's

4

entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips, 515 F.3d at 234-35).

In evaluating a motion to dismiss, the court may consider the allegations of the complaint along with documents attached to or specifically referenced in the complaint. See Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1357 at 299 (2d ed. 1990). "A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Mele v. Fed. Reserve Bank of N.Y., 359 F .3d 251, 256 n.5 (3d Cir. 2004) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).

**DISCUSSION**

> **I.** **Count I: Breach of Contract against NobelTel**
>
> > **a. Choice-of-Law Determination**

A court sitting in diversity must follow the substantive choice of law rules of the forum state. See Robeson Indus. Corp. v. Hartford Acc. & Indem. Co., 178 F.3d 160, 165 (3d Cir. 1999). Under New Jersey law, a contractual choice of law provision will be upheld unless doing so would violate its public policy. Instructional Sys., Inc. v. Computer Curriculum Corp., 130 N.J. 324, 341 (1992). Here, the contract at issue is the Wholesale Distributor Agreement between NobelCom and NJ Best. (Pl. Opp. Ex A ¶ 1.) The contract unambiguously states that "[t]his agreement shall be construed and enforced in accordance with, and the validity and performance hereof shall be governed by the internal laws of the State of California, USA." (Id. at ¶ 16.) The parties do not raise or address the contract's choice-of-law provision and instead assume that New Jersey law applies. Because California and New Jersey law are substantially

5

similar, the Court need not engage in a choice-of-law analysis. Thus, for the purposes of the instant Motion to Dismiss, this Court will apply California law to the breach of contract claim.

   b. **Analysis**

To sustain a breach of contract claim under California law, a plaintiff must establish: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).

On its face, the Wholesale Distributor Agreement indicates that a contract exists "between NobelCom . . . and NJ Best." (Pl. Opp. Ex A ¶ 1.) Both parties to this case acknowledge that NobelCom assigned its interest in the Wholesale Distributor Agreement to NobelTel. (Defs. Br. 7-8; Pl. Opp. 13; Defs. Reply 3.) However, the parties dispute whether NobelTel is the proper entity to be sued for breach of contract in this matter.

Plaintiff argues that NobelTel is properly sued because the assignment of interest from NobelCom to NobelTel effectively extinguished NobelCom's rights and assigned them to NobelTel. (Pl. Opp. 14.) Plaintiff notes, however, that NobelTel assigned its claims in the Wholesale Distributor Agreement back to NobelCom on February 14, 2013. (Pl. Opp. Ex. D.) Defendants argue that because the initial assignment from NobelCom to NobelTel took place after NobelCom's service to NJ Best was terminated, it was "an assignment of a claim" and no independent cause of action can exist against NobelTel. (Def. Br. 8.)

This Court finds that Plaintiff cannot sustain a viable breach of contract claim against NobelTel. Plaintiff is correct in stating that the circumstances around the assignments in the Wholesale Distributor Agreement are irrelevant here. Based on the two assignments presented by Plaintiff in this case, NobelCom is the most recent holder of interests of the Wholesale

Distributor Agreement as of February 14, 2013.[4] (Pl. Opp. Ex. D.) NobelTel was previously assigned the interest in the Wholesale Distributor Agreement; however, it was not the assignee at the time the instant action commenced. Thus, NobelCom is the proper entity to be sued as the allegedly breaching party. No independent act or incident gives rise to a contract claim against NobelTel.

Moreover, NobelCom filed suit against Plaintiff and others in California on February 27, 2013. (Pl. Opp. 14; Dkt. 12 Minute Or. 1.) The subject of that suit is the same Wholesale Distributor Agreement discussed here. (See Dkt. 12, Minute Or.) As Defendants correctly point out, "there is only one contract, one set of transactional facts, one set of invoices, one account stated, and in substance, one set of defenses (if any)." (Defs. Reply 9-10.) Thus, the appropriate avenue to address contract disputes regarding the Wholesale Distributor Agreement is in the California action.

## II. Count II: Unjust Enrichment

Under New Jersey law,[5] to establish a claim for unjust enrichment, a plaintiff must allege that "(1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it." In re K-Dur Antitrust Litig., 338 F. Supp. 2d 517, 544 (D.N.J. 2004). Additionally, "[t]he unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994).

---

[4] Although not dispositive, this Court notes the recent California decision in NobelCom LLC v. New Jersey Best Phone Cards Corp., No. 37-2013-0003711, in which the court concluded that "NobelCom is established as the 'real party in interest'" to the Wholesale Distributor Agreement as a result of the February 14, 2013 assignment. (Dkt. 12, Minute Or. 2.)

[5] Because the Wholesale Distributor Agreement does not govern quasi-contract claims, New Jersey law applies to the unjust enrichment and fraud claims.

Defendants do not address Plaintiff's claim for unjust enrichment. However, this Court finds, sua sponte, that this claim cannot survive the instant Motion to Dismiss. Plaintiff alleges that it had a business relationship with NobelCom by virtue of entering into the Wholesale Distributor Agreement. (Compl. ¶ 14.) However, the Complaint is devoid of any allegations that Plaintiff specifically did business directly with either NobelTel or Nobel. At best, with respect to Nobel, Plaintiff alleges that "credit memos and invoices were issued by Nobel." (Id. ¶ 17; see Pl. Opp 16.) In an inarticulate attempt to plead a claim against Defendants, Plaintiff lumps together the "Nobel Entities" for allegedly wrongful acts committed by NobelCom. (See Compl. ¶¶ 40-44.) This does not meet the pleading standard. Plaintiff fails to satisfy the necessary requirements—that Defendants received a benefit and unjustly retained it at the expense of Plaintiff. Accordingly, Plaintiff's claim for unjust enrichment is dismissed.

### III.   Count III: Fraud

To establish a claim for fraud under New Jersey law, a plaintiff must demonstrate: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 172-73 (2005) (quoting Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997)); see also Jewish Center of Sussex County v. Whale, 86 N.J. 619, 624-25 (1981).

Additionally, fraud claims must meet the requirements of Fed R. Civ. P. 9(b) which imposes a heightened pleading requirement with respect to allegations of fraud, over and above that required by Rule 8(a). Rule 9(b) states "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Plaintiffs may satisfy this requirement by pleading the 'date, place or time' of the fraud, or

through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004) (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)). "Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation." Id.

This Court finds that Plaintiff has failed to plead its fraud claim with particularity. Plaintiff alleges that Defendants "repeatedly promised and reassured NJ Best that the phone cards delivered to and paid for by NJ Best would deliver all minutes promised to consumers" on weekly phone calls and occasional meetings. (Compl. ¶ 46.) Plaintiff contends that Defendants breached their contractual obligations in failing to deliver phone cards with the correct number of minutes, increasing their rates and improperly adding fees, and sending inaccurate account information. (Id. ¶¶ 20-30.) However, Plaintiff does not provide sufficient details regarding what specific statements were made, to whom the statements were made, when specifically the statements were made, how they were knowingly false, and how Plaintiff relied on these statements. As Defendants point out, "[Plaintiff's] fraud claim simply casts the same underlying facts as a fraud by alleging that Defendants promised performance without any intention of performing." (Defs. Br. 12.) Even if these Defendants were the proper parties, such conclusory statements do not rise to the level of particularity required for pleading a fraud claim. Accordingly, Plaintiff's claim is dismissed.

### IV. Counts IV and V: Claims under the Deceptive and Unlawful Practices Statute and Section 201(b) of the Communications Act of 1934

Plaintiff voluntarily withdrew its causes of action pursuant to the Deceptive and Unlawful Practices under N.J. Stat. § 56:8-2 and Section 201(b) of the Communications Act of 1934 (47 U.S.C. § 201(b)). Defendants argue that these claims should be dismissed with prejudice

9

because, inter alia, they were burdened by "the trouble of moving for the dismissal of these claims" and Plaintiff could have previously withdrawn the claims. (Defs. Reply 1-2.) Defendants' arguments are not persuasive. This Court finds it appropriate to dismiss these claims without prejudice.

V.      **Leave to Amend**

This Court has discretion to grant a party leave to amend its pleading under Federal Rule of Civil Procedure 15(a)(2). See FED. R. CIV. P. 15(a)(2) (articulating that "the court should freely give leave [to amend] when justice so requires"). However, leave to amend should be denied "when [an] amendment would be inequitable or futile." Schomburg v. Dow Jones & Co., Inc., 504 F. App'x 100, 103 (3d Cir. 2012). Here, in light of the pending action in California, this Court finds that it would be futile to allow leave to amend the pleadings. (See Dkt. 12, Minute Or.) Plaintiff can seek recourse in the California action.

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED**.

                                                                       s/Susan D. Wigenton, U.S.D.J.

Cc:     Madeline Cox Arleo, U.S.M.J.